UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-00172-FDW

| | |
|---|---|
| SONJI M. BRINKLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff Sonji M. Brinkley's Motion for Summary Judgment (Doc. No. 10), filed on September 6, 2016, and Defendant Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment (Doc. No. 12), filed on November 4, 2016. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and Supplemental Security Income ("SSI").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion is GRANTED and Defendant's Motion is DENIED. The Court VACATES the Administrative Law Judge's ("ALJ's") decision and REMANDS the case to the Commissioner for further proceedings.

## I. BACKGROUND

On September 13, 2013, Plaintiff protectively filed applications for a period of disability and disability insurance benefits, and SSI benefits alleging disability due to fibromyalgia, right knee osteoarthritis, right dequervain's tendinitis, right lateral epicondylitis, right carpel tunnel syndrome, asthma, polycystic ovarian disease, low back pain, major depressive disorder, and

generalized anxiety disorder. (Tr. 369, 378, 438). After her application was denied initially and upon reconsideration (Tr. 142, 146, 152, 157), Plaintiff requested a hearing (Tr. 164). The hearing commenced on November 24, 2015, and on December 22, 2015, the ALJ issued a decision denying Plaintiff's application. (Tr. 6-10, 29).

The ALJ determined that Plaintiff was not disabled. (Tr. 13-22). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date and that she had severe impairments of fibromyalgia, degenerative disk disease, polycystic ovarian syndrome, neuropathy in right leg, and asthma (Tr. 16); however, those impairments did not meet or medically equal a per se disabled Medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 16). The ALJ then found that Plaintiff had the Residual Functional Capacity (RFC) to "perform sedentary work except lift/carry 10 pounds occasionally and 10 pounds frequently; in an 8 hour workday, stand/walk for 2 hours total and sit for 6 hours; occasional climbing, balancing, stooping, kneeling, crouching; no crawling; and avoid concentrated exposures to gases, dust and fumes." (Tr. 16-20).

Nevertheless, in response to a hypothetical that factored in the above limitations, a vocational expert identified various jobs Plaintiff could perform that were available in significant numbers in the economy. (Tr. 31). Based on this RFC and the vocational expert's testimony, the ALJ found that Plaintiff could work as a clerk, hand packager, or inspector. (Tr. 21-22). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 28-9).

Plaintiff requested review of the ALJ's decision by the Appeals Council on January 25, 2016. (Tr. 6). The Appeals Council denied the request for review on February 12, 2016. (Tr. 1-6). Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). Plaintiff claims that the ALJ's decision is not based on proper legal standards and is not supported by substantial evidence as 42 U.S.C. § 405(g) requires.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). If this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

## III. ANALYSIS

On appeal to this Court, Plaintiff makes the following assignments of error: (1) the ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"); and (2) the ALJ failed to properly weigh the opinions from treating physician Dr. John Brandese. For the reasons stated below, the Court finds that it was error for the ALJ to rely on the vocational expert's testimony in denying Plaintiff's claim and error when the ALJ failed to give any explanation for affording Dr. Brandese's opinions "little weight." (Tr. 20).

## A. Apparent Conflict

The Court agrees with Plaintiff and finds that the ALJ erred when he failed to resolve the apparent conflict between the vocational expert's testimony and the DOT.

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the fifth step, the ALJ considers the claimant's age, education, work experience, and RFC to decide whether she can perform alternative work that exists in significant numbers in the national economy. Id. §§ 404.1520(a)(4)(v), 404.1560(c). The claimant has the burden of proof for the first four steps, but at the final, fifth step the Commissioner bears the burden to prove that the claimant is able to perform alternative work. See Brown v. Yuckert, 482 U.S. 137, 146 (1987).

The ALJ "rel[ies] primarily" on the DOT to determine whether sufficient other work exists for the claimant in the national economy. SOC. SEC. ADMIN., Policy Interpretation Ruling: Titles II & IV: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info in Disability Decisions, Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (Dec. 4, 2000), at *2 (the Ruling). The ALJ "may also use" a vocational expert to address complex aspects of the employment determination, including the expert's observations of what a particular job requires in practice. Id. The vocational expert's opinion "must be in response to proper hypothetical questions which fairly set out all of the claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted).

Because an expert's testimony can sometimes conflict with the DOT, the Social Security Administration has promulgated a multi-page, formal ruling to "clarify[y the] standards for the use of vocational experts." Id. at 81. The Ruling requires that the ALJ "inquire, on the record" whether the vocational expert's testimony "conflict[s]" with the DOT, and also requires that the ALJ "elicit

4

a reasonable investigation for" and "resolve" conflicts between the expert's testimony and the DOT. Id. at *2. The ALJ must resolve conflicts "before relying on the [vocational expert's] evidence to support a determination or decision about whether the claimant is disabled." Id. However, "[a]n ALJ has not fulfilled his affirmative duty 'merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [DOT]." Pearson v. Colvin, 810 F.3d 204, 208-9 (2015) (citations omitted).

Plaintiff argues the ALJ should have identified and resolved the apparent conflict between Plaintiff's RFC and the jobs the vocational expert determined Plaintiff could perform. Specifically, the job descriptions of packer and inspector indicate that the worker may be exposed to gases, fumes, and/or odors through the use of a Bunsen burner, inert gas and/or a dye bath, or through the production of circuit boards even though Plaintiff's RFC indicates she should "avoid concentrated exposures to gases, dust and fumes." (Tr. 16).

Defendant argues that "any exposure would *not necessarily* constitute concentrated exposure," therefore there is no conflict. (Doc. No. 13, p. 8) (emphasis added). However, the Fourth Circuit specifically defined an 'apparent' conflict to mean any expert testimony that "seems to, *but does not necessarily*, conflict ..." and "embrace[d] the reality that, in many cases, testimony may only appear to conflict with the Dictionary, and the vocational expert may be able to explain that, in fact, no conflict exists." Pearson, 810 F.3d at 209 (emphasis added). Here, the Court agrees that an apparent conflict exists that the ALJ should have identified and resolved.

Indeed, the description of both jobs note that the worker *may* be exposed. (Doc. No. 11-2, 11-3). Directly addressing this conflict is important because even if only some packers and inspectors are exposed to gases, dust and fumes, the number of positions in the national economy

5

that are exposed bears on the ALJ's decision. Pearson, 810 F.3d at 211. It is not enough that the positions exist, but that they "exist in significant numbers in the national economy." Id.

**B.  The ALJ's Evaluation of Medical Opinions**

An ALJ's determination of the weight to be assigned to each medical opinion is generally not disturbed because "opinions as to disability are reserved for the ALJ and for the ALJ alone." Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015). Unless the ALJ's assignment of weight is unsupported by substantial evidence, the Court must defer to the ALJ's determination. Hancock v. Astrue, 667 F.3d 470, 474 (4th Cir. 2012).

"When evaluating medical opinions, the ALJ should consider (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Dunn, 607 F. App'x at 267-8 (citing Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)); see also 20 C.F.R. § 404.1527(c). Citing to state medical opinions in support of an ALJ's conclusion, in itself, is not enough to constitute "substantial evidence." Radford, 734 F.3d at 295. Thus, the ALJ must "indicate *why* the opinions merit that weight." Id. (emphasis in original). The ALJ must explain why each medical opinion merits more or less weight and not simply adopt the opinions without pointing to support in the record. Id.

Plaintiff argues that the ALJ failed to properly weigh the opinions of Dr. Brandese, whose medical assessment imposed additional restrictions on Plaintiff's limitations. Specifically, Dr. Brandese opined that if placed in a "competitive work environment" the "claimant could sit, stand/walk less than 2 hours in an 8-hour working day; and that she would need to rest for two hours after working for one hour due to muscle weakness, chronic fatigue, pain/parethesias, and

6

numbness." (Tr. 20). The ALJ gave Dr. Brandese's opinion "little weight" concluding that the treating physician's opinion was "inconsistent with the objective findings and 'competitive work situation' was an undefined term." (Tr. 20). The ALJ offers no explanation except for the aforementioned conclusory statement that fails to point out any support in the record. An ALJ errs when he fails to provide an explanation for his conclusion, and in this instance, remand is appropriate because it is impossible for a court to conduct a meaningful review of a conclusory statement.

In her brief, Defendant argues the ALJ's discussion of the evidence is enough, then goes on to point out inconsistencies between Dr. Brandese's opinion and the medical evidence that are absent from the ALJ's decision. However, Defendant cannot do in her brief what the ALJ should have done in his opinion. Accordingly, the ALJ erred when he failed to indicate why Plaintiff's treating physician's opinion was afforded "little weight."

### IV. CONCLUSION

In sum, the Court finds that it was error for the ALJ to rely on the vocational expert's testimony in denying Plaintiff's claim and error when the ALJ failed to give any explanation for affording Dr. Brandese's opinions "little weight." The Court hereby GRANTS Plaintiff's Motion for Summary Judgment (Doc. No. 10); DENIES Defendant's Motion for Summary Judgment (Doc. No. 12); VACATES the ALJ's decision, and REMANDS the case to the Commissioner for (1) further proceedings to resolve the apparent conflict between the vocational expert's testimony and the DOT; and (2) additional investigation or explanation with regard to why treating physician Dr. Brandese's opinions were afforded "little weight." The Court takes no position on the matters on remand and does not intend to influence the ALJ's findings and conclusions.

IT IS SO ORDERED.

Signed: January 17, 2017

Frank D. Whitney
Chief United States District Judge